FILED
Jan 05, 2026
11:32 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Bennie Anderson | Docket No. 2022-03-0885 |
| v. | State File No. 41632-2022 |
| City of Knoxville Department of Recreation | |
| Appeal from the Court of Workers' Compensation Claims Brian K. Addington, Judge | |

---

### Affirmed and Remanded

---

In this appeal, the employee sustained injuries after slipping and falling from his truck at work. The employer accepted the compensability of the accident and provided medical care and temporary disability benefits for his work injuries. Following a course of conservative medical treatment, authorized treating providers placed the employee at maximum medical improvement, assigned impairment ratings for his shoulder, neck, and back, and released him to return to work. The employee was not satisfied with the treatment provided and sought unauthorized medical care, including treatment for gastroparesis, high blood pressure, seizures, and a hernia, for which he underwent surgical repair. Thereafter, the employee requested additional medical and temporary disability benefits for these conditions. In response, the employer asserted: (1) it had provided all medical treatment reasonably necessitated by the work accident; (2) the conditions for which the employee sought treatment were not causally related to the work accident; and (3) the employee was not entitled to additional temporary disability benefits because he had been placed at maximum medical improvement by his authorized physicians. Following an expedited hearing, the trial court determined the employee was unlikely to prevail at trial in proving his entitlement to additional medical treatment or temporary disability benefits, and the employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Bennie Anderson, Knoxville, Tennessee, employee-appellant, pro se

Jim Johnson, Knoxville, Tennessee, for the employer-appellee, City of Knoxville Department of Recreation

**Memorandum Opinion[1]**

Bennie Anderson ("Employee") was employed as a knuckle boom truck driver for the City of Knoxville Department of Recreation ("Employer"). On June 6, 2022, Employee slipped and fell from a truck, landing on his feet before falling to the ground. Employee reported the incident to Employer and noted that he experienced pain in his head, shoulders, neck, and mid-section. Employer authorized workers' compensation benefits, and Employee was initially seen by Katy Tillery, NP, at The Center – Premise Health ("The Center"), Employer's on-site medical services provider, before being referred to a specialist. Employee then saw Dr. Daniel B. Wells, an orthopedic surgeon with Tennessee Orthopaedic Alliance, beginning on June 13, 2022. Dr. Wells documented Employee's neck and bilateral arm pain. Diagnostic studies revealed no cervical spine stenosis but showed "some degenerative changes" with "no myelomalacia present." Dr. Wells prescribed a course of physical therapy and assigned light duty restrictions. During a follow-up visit, Employee reported difficulty performing work tasks and stated that his symptoms were worse with physical therapy. Employee also suggested to Dr. Wells that he might be "missing something" because of his ongoing symptoms. In response, Dr. Wells noted he was "unclear what was going on with [Employee]" since his symptoms seemed to be different from what he reported previously, his MRI showed "no high-grade cervical stenosis and no myelomalacia," and, during his physical examination, Dr. Wells did not "appreciate any swelling in his bilateral upper extremities." Dr. Wells referred Employee to his colleague, Dr. Patrick M. Bolt, an orthopedic surgeon, to determine if there was something he missed but noted that he would see Employee again, if needed.

On June 22, 2022, Employee was evaluated by Dr. John M. Reynolds, IV, also an orthopedic surgeon with Tennessee Orthopaedic Alliance, for his shoulder symptoms. Dr. Reynolds recorded Employee's complaints of neck pain radiating into both shoulders and noted Employee was seeing Dr. Wells for his cervical spine. An MRI of the right shoulder revealed "tendinopathy with no significant rotator cuff tear and mild AC joint arthrosis." The left shoulder MRI revealed "rotator cuff tendinopathy with a very small low-grade partial articular sided tear of the distal supraspinatus, but no evidence of any acute or full-thickness or high-grade tear." AC arthrosis was also noted. Dr. Reynolds determined there was "no evidence of any surgical pathology in either shoulder," placed Employee at maximum medical improvement ("MMI"), and released him to full duty work with no permanent impairment from the perspective of his shoulder condition.

Dr. Bolt evaluated Employee on August 29, 2022, and noted that he had previously been seen by his colleagues, Dr. Reynolds and Dr. Wells. Dr. Bolt believed that

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

Employee's pain was "out of proportion" with diagnostic findings. He recorded that the "MRI of the cervical spine reveals cervical degenerative changes [at] C2-C5 without significant neural impingement at any level." In addition, the "MRI of the right shoulder reveals supraspinatus and mild AC joint osteoarthritis without tear." Dr. Bolt ordered an MRI of Employee's thoracic and lumbar spine "to rule out other causes of discomfort" and a nerve conduction study of Employee's upper extremities. Results of that MRI were unremarkable, and Dr. Bolt advised Employee that he "would not recommend surgical intervention or injection therapy with the absence of a specific finding on imaging."[2] He prescribed physical therapy, but, after completing that treatment, Employee reported ongoing pain in the neck and low back with minimal relief. Thereafter, Dr. Bolt referred Employee for a functional capacity evaluation ("FCE"). Dr. Bolt reviewed the FCE results with Employee and explained that it indicated Employee was "significantly self-limiting and consequently, no permanent restrictions can be recommended." Dr. Bolt reiterated he was only treating Employee's neck and back conditions and, thus, had "nothing further to offer [Employee]" regarding his "non-musculoskeletal/orthopedic complaints" related to the shoulder symptomology. On January 23, 2023, Dr. Bolt placed Employee at MMI and released him from his care with no permanent work restrictions. Dr. Bolt assigned an impairment rating of 4% to the whole body for the cervical spine condition.

On September 18, 2023, Employee obtained a second opinion from Dr. Jay Jolley at Southeastern Spine in Chattanooga.[3] Following that examination, Dr. Jolley completed a final medical report reflecting a diagnosis of cervical spondylosis, "[m]ulti-focal complaints," and a cervical sprain. He agreed with Dr. Bolt's recommendation against surgical intervention and concluded that Employee had reached MMI, was able to return to full duty work without restrictions, and retained no permanent impairment.

Employee was also seen by Dr. D. Macolm Spica, Ph.D., who Employer authorized to perform a neuropsychological examination of Employee. Dr. Spica determined that Employee retained no injury "on a neurobehav[ior]al bas[i]s" as a result of the work incident and "defer[red] comment regarding [Employee's] additional physical conditions (e.g., pain, numbness, etc.) to appropriate medical resources."

Thereafter, Employer continued to authorize medical treatment related to the work incident; however, Employee expressed his dissatisfaction with the medical care Employer had provided to date. As a result, he sought unauthorized treatment, including emergent

---

[2] In October 2022, Employee was called by Dr. Desiree Roa, a provider at The Center, to discuss the results of a CT head and neck scan performed on October 18, 2022. Dr. Roa explained that Employee's findings were "negative for any acute findings to explain his symptoms." During this call, she also addressed a negative CT of Employee's head that he chose to obtain on his own at an emergency department in Johnson City on October 16, 2022.

[3] The record is silent as to whether the second opinion was authorized by Employer or whether Employee obtained the second opinion on his own.

care. In his written request for additional medical and disability benefits, Employee asserted that he "hurts all over" and did not have these issues prior to his injury. In response, Employer contended it had furnished appropriate treatment for all conditions that medical providers determined were primarily related to the work accident. Further, Employer argued that Employee is not entitled to additional temporary disability benefits because he was placed at MMI for all work-related conditions.

Following an expedited hearing, the trial court concluded that Employee failed to offer evidence from a medical expert supporting the need for additional medical treatment arising primarily from his work injuries. The court emphasized that Employee's testimony, in and of itself, is insufficient to show that his conditions were primarily caused by the work incident. Ultimately, the court also found Employee failed to show a likelihood of prevailing at trial in proving his entitlement to additional temporary disability benefits because he had been placed at MMI by his authorized treating physicians for all conditions primarily related to the work incident. Employee has appealed.

In his notice of appeal, Employee argues the trial court's decision was "incorrect based on the evidence" and asserts it "didn't let me give my medical testimony." Employee filed an "Appeal Writing Checklist" consisting of what appears to be reproduced portions of medical records and filings, with personal comments interspersed throughout. Employee submits the trial court showed "favoritism" toward Employer, and he "didn't get a chance to show my medical fact to represent my medical fact not opinions."

However, no transcript of the hearing or statement of the evidence was filed in conjunction with this appeal. "Without a transcript or a statement of the evidence, the appellate court cannot know what evidence was presented to the trial court, and there is no means by which we can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007). Moreover, although Employee filed a brief, it fails to provide any "argument in support of . . . [his] contention" on appeal. *Sneed v. Bd. of Prof'l Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) (further stating "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her"). "In short, an incomplete appellate record is fatal to an appeal, and a reviewing court must conclusively presume that the evidence presented supported the facts as found by the trial court." *Payne v. D & D Electric*, No. 2014-01-0023, 2014 TN Wrk. Comp. App. Bd. LEXIS 6, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 17, 2014) (internal citations and quotation marks omitted).

When an appellant fails to offer substantive arguments on appeal, an appellate court's "ability to conduct meaningful appellate review is significantly hampered." *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention

4

or merely constructs a skeletal argument, the issue is waived." *Sneed*, 301 S.W.3d at 615. It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As our appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015) (stating "we cannot write [a party's] brief for [them], and we are not able to create arguments or issues where none otherwise are set forth").

In short, Employee has offered nothing on appeal to indicate the trial court erred in denying his request for additional medical or disability benefits at this stage of the case. An employee's opinion about the medical cause of his or her conditions, without supporting expert medical proof, is insufficient to support an award of benefits. *See Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015) ("Employee's lay testimony in this case, without corroborative expert testimony, did not constitute adequate evidence of medical causation."). Here, multiple authorized physicians evaluated Employee's complaints, prescribed treatment, and then placed Employee at MMI with no recommendations for further treatment. Employee has offered no conflicting expert medical opinions to date. Consequently, we conclude the record on appeal supports the trial court's order.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal are waived.



Bennie Anderson

v.

City of Knoxville Deptartment of
Recreation

Appeal from the Court of Workers'
Compensation Claims
Brian K. Addington, Judge

Docket No. 2022-03-0885

State File No. 41632-2022

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 5th day of January, 2026.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|------|----------------|------------------|---------|-----------|----------|
| Bennie Anderson | | | | X | bkimm1423@aol.com |
| Jim Johnson | | | | X | jjohnson@knoxvilletn.gov |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov